**NEW HAMPSHIRE INSURANCE COMPANY, Plaintiff–Appellant–Cross–Appellee,**

v.

**SPHERE DRAKE INSURANCE LIMITED, GE Reinsurance Corp. and Great Lakes Reinsurance (UK) PLC, Defendants–Appellees,**

**Royal & Sunalliance Insurance PLC, Defendants–Appellee–Cross–Appellant.**

**Docket Nos. 02–7872, 02–7946.**

United States Court of Appeals, Second Circuit.

Nov. 5, 2002.

Scott M. Himes (Nathaniel Z. Marmur, on the brief), Stillman & Friedman, P.C., New York, NY, for Plaintiff–Appellant–Cross–Appellee.

Kelly M. Hnatt (James C. Dugan and Mary M. Manning, on the brief), Willkie Farr & Gallagher, New York, NY, for Defendant–Appellee–Cross–Appellant Royal & Sunalliance Reinsurance PLC.

Thomas R. Newman, Luce, Forward, Hamilton & Scripps LLP, New York, NY, for Defendant–Appellee Sphere Drake Insurance Limited.

Suzanne C. Midlige (Kevin T. Coughlin, on the brief), McElroy, Deutsch & Mulvaney LLP, New York, NY, for Defendants–Appellees GE Reinsurance Corp. and Great Lakes Reinsurance (UK) PLC.

Present PIERRE N. LEVAL, GUIDO CALABRESI and BARRINGTON D. PARKER, JR., Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED** in part and **VACATED** in part.

In the fall of 1998, New Hampshire Insurance Company ("New Hampshire") entered into reinsurance contracts with Sphere Drake Insurance Limited, GE Reinsurance Corp., Royal & Sunalliance Insurance PLC ("Royal & Sunalliance"), and Great Lakes Reinsurance (UK) PLC ("Defendants"). New Hampshire is a Pennsylvania corporation with its principal place of business in New York City. Except for GE Reinsurance Corp., which is an Illinois corporation with its principal place of business in Illinois, all of the Defendants are English corporations with their principal places of business in England. Each of the contracts reinsured New Hampshire for a portion of the risk associated with an insurance policy (the "underlying policy") New Hampshire issued in connection with an offering of $100 million face amount of 6 1/4% notes by Destination Film Funding Corp. A sister subsidiary of New Hampshire's, AIG (UK), which is an English corporation, negotiated, drafted and executed the reinsurance contracts in London with Willis Farber & Dumas (an English broker) and the Defendants.

On March 28, 2001, New Hampshire was notified that Destination Film Funding was going to be unable to make its April

15 interest payment on the notes. New Hampshire alleges that as a result, it became obligated to pay the trustee $2,897,487.50, due on or before April 16. New Hampshire further alleges that it notified Defendants of the amount due under the reinsurance contracts from each of them, which they failed to provide. On April 17, 2001, New Hampshire filed the instant action in the United States District Court for the Southern District of New York.

Shortly after New Hampshire filed this action in the district court, the Defendants each initiated proceedings in England's High Court of Justice, Queen's Bench Division, Commercial Court against New Hampshire and AIG (UK), requesting a declaration that the Defendants had no liability under the reinsurance contracts. Those proceedings are currently underway.

In an opinion filed July 17, 2002, the district court (Jones, *J.*) considered the Defendants' motions to dismiss, which variously argued (1) lack of personal jurisdiction, (2) forum non conveniens, (3) insufficiency of service, and (4) failure to join an indispensable party. *New Hampshire Ins. Co. v. Sphere Drake Ins. Ltd.*, No. 01 Civ. 3226, 2002 WL 1586962 (S.D.N.Y. July 17, 2002). The court first determined, based on § 1213 of the New York Insurance Law, that it had personal jurisdiction over GE Reinsurance Corp. and Royal & Sunalliance, the only two defendants to bring jurisdictional challenges. Based on a close reading of the underlying policy's forum selection clause, it then concluded that the clause was limited on its face and did not extend to the reinsurance contracts with the Defendants. Finally, the court addressed the argument, advanced by all of the Defendants, that the action should be dismissed under the doctrine of forum non conveniens. Applying the three-step test recently redescribed in *Iragorri v. United Techs. Corp.*, 274 F.3d 65, 73–74 (2d Cir. 2001) (en banc), it concluded that the case should be dismissed on forum non conveniens grounds, and therefore granted the Defendants' motions.

New Hampshire appeals this ruling, arguing, first, that because the reinsurance contracts integrated the forum selection clause of the underlying policy, the Defendants consented to a New York forum and, second, that the district court's forum non conveniens decision was an abuse of discretion. Royal & Sunalliance cross-appeals, asking us to reconsider the district court's holding that it had personal jurisdiction over Royal & Sunalliance.

The district court correctly noted that as a general rule, where both personal jurisdiction and forum non conveniens are at issue, we first examine jurisdiction. Here, however, only one of the Defendants, Royal & Sunalliance, has appealed the district court's ruling on the jurisdictional issue. The other Defendants have therefore waived any objections based on personal jurisdiction—either by failing to raise them before the district court or by failing to appeal the district court's ruling on the issue. *See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982) (holding that unlike subject matter jurisdiction, an objection to personal jurisdiction can be waived). With respect to the Defendants who have waived objection to personal jurisdiction, we must consider the issue of forum non conveniens. Because we affirm the district court's dismissal as to all Defendants on these grounds, we here invert the usual order of things and begin with the forum non conveniens doctrine.

■ New Hampshire first argues that the Defendants consented to a New York forum insofar as the reinsurance contracts

incorporated the forum selection clause of the underlying policy. This argument is based on provisions in each of the reinsurance contracts reading "Full Reinsurance Clause," "Simultaneous Settlements Clause," and "As per Original Policy to be issued." We review the district court's construction of the reinsurance contracts de novo. *Commercial Union Ins. Co. v. Flagship Marine Servs., Inc.*, 190 F.3d 26, 30 (2d Cir.1999).

We believe that in the circumstances of this case New York would use English law to interpret the reinsurance contracts. And it is clear that under England's strong presumption against the incorporation of collateral terms, the reinsurance contracts fail to incorporate the underlying contract's forum selection clause. *See Gan Insurance Co. Ltd. v. Tai Ping Insurance Co. Ltd.*, 2 All E.R. (Comm) 54 (Eng.C.A.1999); *AIG Europe (UK) Ltd. v. The Ethniki*, 2 All E.R. 566 (Eng.C.A.1999). But it doesn't really make a difference whether English or New York law is used, because under New York law, which requires a "clear indication of intent" for incorporation, the reinsurance contracts also fail to incorporate the forum selection clause. *Gen. Instrument Corp. v. Tie Mfg., Inc.*, 517 F.Supp. 1231, 1235 (S.D.N.Y.1981).

New Hampshire next argues that even if the Defendants did not consent to suit in New York, New Hampshire's choice of forum should be presumptively honored and the suit should not have been dismissed on forum non conveniens grounds. We review the district court's forum non conveniens ruling for clear abuse of discretion. *Iragorri*, 274 F.3d at 72.

In determining whether a suit should be dismissed on the grounds of forum non conveniens, a court must (1) gauge what deference is owed to the plaintiff's choice of forum, (2) determine whether an adequate alternative forum exists, and then (3) balance the public and private interests implicated by the choice of forum to see if they strongly favor the defendant. *See Iragorri*, 274 F.3d at 73–74. We believe that the district court followed our instructions in *Iragorri* in assigning the weight it did to New Hampshire's choice of forum. *See id.* at 71–72. Moreover, we cannot say it abused its discretion in weighing the private and public interests.

Because the action was properly dismissed under the doctrine of forum non conveniens, the question of the district court's personal jurisdiction pursuant to New York Insurance Law § 1213 is moot and cannot be considered on appeal. Under the circumstances, vacatur of the district court's ruling on that matter is appropriate. *See Bragger v. Trinity Capital Enter. Corp.*, 30 F.3d 14, 17 (2d Cir.1994) (vacating district court judgment, where appellant's successful motion to dismiss ongoing action rendered the appeal moot).

We have considered New Hampshire's other arguments and find them meritless. Consequently, for the reasons set forth above we AFFIRM the district court's dismissal on the grounds of forum non conveniens and VACATE the district court's judgment as to its personal jurisdiction over the defendants.